IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICK OPUNUI, JR., | CIVIL NO. 22-00195 JAO-KJM |
| Petitioner, | **ORDER DISMISSING ACTION** |
| vs. | |
| JAMES ENGLEMAN, | |
| Respondent. | |

## ORDER DISMISSING ACTION

On April 19, 2022, Petitioner Patrick Opunui, Jr. ("Petitioner") filed his Petition for Writ of Habeas Corpus in the U.S. District Court for the Central District of California.  On April 25, 2022, the Central District of California issued an order transferring the Petition to this district.  ECF No. 3.

On April 26, 2022, the Court issued a Deficiency Order advising Petitioner that he must pay the filing fee or submit an in forma pauperis ("IFP") application within 28 days of the date of the Order.  ECF No. 7 at 1.  The Court cautioned that failure to do so would result in the automatic dismissal of this action.  *Id.* at 2.

To date, Petitioner has not remitted the filing fee or submitted an IFP application.  Courts do not take failures to prosecute and failures to comply with Court orders lightly.  Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes

the Court to sua sponte dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b); *see Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).  Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits.  Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/ respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).  Although the Court recognizes that Petitioner is proceeding pro se, she is not exempt from complying with all applicable rules.  *See* Local Rule 81.1(a) ("Pro se litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

In view of Petitioner's failure to comply with the Court's Deficiency Order and failure to prosecute, the Court finds that the *Pagtalunan* factors support dismissal of this habeas action.  The public's interest in expeditious resolution of this litigation strongly favors dismissal, *see Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's

2

interest in expeditious resolution of litigation always favors dismissal." (quotations omitted)), as does the Court's need to manage its docket.  *See id.* (citing *Ferdik*, 963 F.2d at 1261).  Moreover, there is no risk of prejudice to Defendant, as he has yet to be served.  Finally, there are currently no less drastic alternatives available. This case cannot proceed without the filing fee or leave to proceed IFP.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, considering the totality of the circumstances and because all of the preceding factors favor dismissal, this factor is outweighed.

## CONCLUSION

For the reasons stated herein, this habeas action is HEREBY DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED:     Honolulu, Hawaiʻi, May 27, 2022.



_____
Jill A. Otake
United States District Judge

CIVIL NO. 22-00195 JAO-KJM, *Opunui v. Engleman*; ORDER DISMISSING ACTION

3